**EXHIBIT 9**

File No. 19 MUSKRAT LN Page # 1

**FROM:**

APPRAISAL RESOURCES, INC.
P.O. BOX 118
SOMERSET, MA 02726

Telephone Number: 866-674-7248    Fax Number: 954-861-4568

# INVOICE

| INVOICE NUMBER | |
|---|---|

| DATE | |
|---|---|
| 3/15/2004 | |

| REFERENCE | |
|---|---|

**TO:**

TOWN&COUNTRY CREDIT
300 GRANITE STREET, SUITE 205
BRAINTREE, MA 02184

Telephone Number: 781-817-1526    Fax Number: 781-817-1548
Alternate Number:    E-Mail: gmardenli@tccredit.com;reappr

Internal Order #:
Lender Case #:
Client File #:
Main File # on form:    19 MUSKRAT LN
Other File # on form:
Federal Tax ID:    81-0620517
Employer ID:

**DESCRIPTION**

| | |
|---|---|
| Lender: TOWN&COUNTRY CREDIT | Client: TOWN&COUNTRY CREDIT |
| Purchaser/Borrower: D & E. KUMMERFIELD | |
| Property Address: 19 MUSKRAT LANE | |
| City: BREWSTER | |
| County: BARNSTABLE | State: MA    Zip: 02631-1589 |
| Legal Description: BOOK: 1493 PAGE: 809 | |

**FEES** | **AMOUNT**

| | |
|---|---|
| SINGLE FAMILY | 500.00 |
| | |
| **SUBTOTAL** | 500.00 |

**PAYMENTS** | **AMOUNT**

| Check #: | Date: | Description: | |
|---|---|---|---|
| Check #: | Date: | Description: | |
| Check #: | Date: | Description: | |
| | | **SUBTOTAL** | |
| | | **TOTAL DUE** | $ 500.00 |

File No. 19 MUSKRAT LN| Page # 2

| Borrower D & E. KUMMERFIELD | | | File No. 19 MUSKRAT LN | |
|---|---|---|---|---|
| Property Address 19 MUSKRAT LANE | | | | |
| City BREWSTER | County BARNSTABLE | State MA | Zip Code 02631-1589 | |
| Lender TOWN&COUNTRY CREDIT | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This appraisal conforms to **one** of the following definitions:

☐ **Complete Appraisal** (The act or process of estimating value, or an opinion of value, performed without invoking the Departure Rule.)

☒ **Limited Appraisal** (The act or process of estimating value, or an opinion of value, performed under and resulting from invoking the Departure Rule.)

This report is **one** of the following types:

☐ **Self Contained** (A written report prepared under Standards Rule 2-2(a) of a Complete or Limited Appraisal performed under STANDARD 1.)

☒ **Summary** (A written report prepared under Standards Rule 2-2(b) of a Complete or Limited Appraisal performed under STANDARD 1.)

☐ **Restricted** (A written report prepared under Standards Rule 2-2(c) of a Complete or Limited Appraisal performed under STANDARD 1 for client use only.)

### Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions and conclusions.
- I have no (or the specified) present or prospective interest in the property that is the subject of this report, and no (or the specified) personal interest with respect to the parties involved.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.
- I have (or have not) made a personal inspection of the property that is the subject of this report.

### Comments on Appraisal and Report Identification

Note any departures from Standards Rules 1-2, 1-3, 1-4, plus any USPAP-related issues requiring disclosure:

This appraisal has been prepared for the client referenced within this report for Mortgage Lending Purposes Only.

APPRAISAL DEVELOPMENT AND REPORTING PROCESS: This is a Summary Appraisal Report which is intended to comply with the reporting requirements set fourth under Standard Rule 2-2 (b) of the Uniform Standards of Professional Practice for a Summary Appraisal Report. Hence, it represents only a summary discussion of the data, reasoning and analysis that were used in the appraisal process to develop the appraiser's opinion of value. Supporting documentation that is not provided within the report concerning data, reasoning, analysis and conclusions is retained in the appraiser's file. The depth of discussion contained in this report is specific to the needs of the client referenced in the report. The appraiser is not responsible for the unauthorized use of this report. To develop the opinion of value, the appraiser preformed a complete appraisal process, as defined by USPAP. This means no departure from standard rule 1 (one) was invoked.

| APPRAISER: | SUPERVISORY APPRAISER (only if required): |
|---|---|
| Signature: *Mark D Harvey* | Signature: |
| Name: MARK D. HARVEY | Name: |
| Date Signed: March 15, 2004 | Date Signed: |
| State Certification #: | State Certification #: |
| or State License # 70376 | or State License #: |
| State: MA | State: |
| Expiration Date of Certification or License: 6/11/2006 | Expiration Date of Certification or License: |
| | ☐ Did    ☐ Did Not Inspect Property |

File No. 19 MUSKRAT LN Page # 3

## MULTI-PURPOSE SUPPLEMENTAL ADDENDUM
## FOR FEDERALLY RELATED TRANSACTIONS

Appraisal Resources (508) 674-7248

| | |
|---|---|
| Borrower/Client  D & E. KUMMERFIELD | |
| Property Address  19 MUSKRAT LANE | |
| City  BREWSTER | County  BARNSTABLE | State  MA | Zip Code  02631-1589 |
| Lender  TOWN&COUNTRY CREDIT | |

This Multi-Purpose Supplemental Addendum for Federally Related Transactions was designed to provide the appraiser with a convenient way to comply with the current appraisal standards and requirements of the Federal Deposit Insurance Corporation (FDIC), the Office of the Comptroller of Currency (OCC), The Office of Thrift Supervision (OTS), the Resolution Trust Corporation (RTC), and the Federal Reserve.

> **This Multi-Purpose Supplemental Addendum is for use with any appraisal. Only those statements which have been checked by the appraiser apply to the property being appraised.**

### ☒    PURPOSE & FUNCTION OF APPRAISAL

The purpose of the appraisal is to estimate the market value of the subject property as defined herein. The function of the appraisal is to assist the above-named Lender in evaluating the subject property for lending purposes. This is a federally related transaction.

### ☒    EXTENT OF APPRAISAL PROCESS

☒ The appraisal is based on the information gathered by the appraiser from public records, other identified sources, inspection of the subject property and neighborhood, and selection of comparable sales within the subject market area. The original source of the comparables is shown in the Data Source section of the market grid along with the source of confirmation, if available. The original source is presented first. The sources and data are considered reliable. When conflicting information was provided, the source deemed most reliable has been used. Data believed to be unreliable was not included in the report nor used as a basis for the value conclusion.

☒ The Reproduction Cost is based on   MARSHALL & SWIFT/LOCAL CONTRACTORS
supplemented by the appraiser's knowledge of the local market.

☒ Physical depreciation is based on the estimated effective age of the subject property. Functional and/or external depreciation, if present, is specifically addressed in the appraisal report or other addenda. In estimating the site value, the appraiser has relied on personal knowledge of the local market. This knowledge is based on prior and/or current analysis of site sales and/or abstraction of site values from sales of improved properties.

☒ The subject property is located in an area of primarily owner-occupied single family residences and the Income Approach is not considered to be meaningful. For this reason, the Income Approach was not used.

☐ The Estimated Market Rent and Gross Rent Multiplier utilized in the Income Approach are based on the appraiser's knowledge of the subject market area. The rental knowledge is based on prior and/or current rental rate surveys of residential properties. The Gross Rent Multiplier is based on prior and/or current analysis of prices and market rates for residential properties.

☐ For income producing properties, actual rents, vacancies and expenses have been reported and analyzed. They have been used to project future rents, vacancies and expenses.

### ☒    SUBJECT PROPERTY OFFERING INFORMATION

According to   MLS/BANKER & TRADESMAN _____ the subject property:
☒ has not been offered for sale in the past:   ☐ 30 days  ☐ 1 year  ☒ 3 years.
☐ is currently offered for sale for $
☐ was offered for sale within the past:   ☐ 30 days  ☐ 1 year  ☐ 3 years   for $ _____ .
☐ Offering information was considered in the final reconciliation of value.
☐ Offering information was not considered in the final reconciliation of value.
☐ Offering information was not available. The reasons for unavailability and the steps taken by the appraiser are explained later in this addendum.

### ☒    SALES HISTORY OF SUBJECT PROPERTY

According to   MLS/BANKERS & TRADESMAN _____ the subject property:
☒ Has not transferred  ☐ in the past twelve months.  ☒ in the past thirty-six months.  ☐ in the past 5 years.
☐ Has transferred     ☐ in the past twelve months.  ☐ in the past thirty-six months.  ☐ in the past 5 years.
☐ All prior sales which have occurred in the past   are listed below and reconciled to the appraised value, either in the body of the report or in the addenda.

| Date | Sales Price | Document # | Seller | Buyer |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

### ☒    FEMA FLOOD HAZARD DATA

☒ Subject property is not located in a FEMA Special Flood Hazard Area.
☐ Subject property is located in a FEMA Special Flood Hazard Area.

| Zone | FEMA Map/Panel # | Map Date | Name of Community |
|---|---|---|---|
| ZONE C | 2500030009E | 6/4/1987 | BREWSTER |

☐ The community does not participate in the National Flood Insurance Program.
☐ The community does participate in the National Flood Insurance Program.
☒ It is covered by a regular program.
☐ It is covered by an emergency program.

Form MPA3 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

File No. 19 MUSKRAT LD Page # 4

☒ **CURRENT SALES CONTRACT**

☒ The subject property is currently not under contract.
☐ The contract and/or escrow instructions were not available for review. The unavailability of the contract is explained later in the addenda section.

☐ The contract and/or escrow instructions were reviewed. The following summarizes the contract:

| Contract Date | Amendment Date | Contract Price | Seller |
|---|---|---|---|
| | | | |

☐ The contract indicated that personal property was not included in the sale.
☐ The contract indicated that personal property was included. It consisted of _____
Estimated contributory value is $ _____
☐ Personal property was not included in the final value estimate.
☐ Personal property was included in the final value estimate.
☐ The contract indicated no financing concessions or other incentives.
☐ The contract indicated the following concessions or incentives: _____

☐ If concessions or incentives exist, the comparables were checked for similar concessions and appropriate adjustments were made, if applicable, so that the final value conclusion is in compliance with the Market Value defined herein.

☒ **MARKET OVERVIEW**    Include an explanation of current market conditions and trends.

3-6 months is considered a reasonable marketing period for the subject property based on    MLS DATA/MARKET RESEARCH

☒ **ADDITIONAL CERTIFICATION**

The Appraiser certifies and agrees that:
(1) The analyses, opinions and conclusions were developed, and this report was prepared, in conformity with the Uniform Standards of Professional Appraisal Practice ("USPAP"), except that the Departure Provision of the USPAP does not apply.
(2) Their compensation is not contingent upon the reporting of predetermined value or direction in value that favors the cause of the client, the amount of the value estimate, the attainment of a stipulated result, or the occurrence of a subsequent event.
(3) This appraisal assignment was not based on a requested minimum valuation, a specific valuation, or the approval of a loan.

☒ **ADDITIONAL (ENVIRONMENTAL) LIMITING CONDITIONS**

The value estimated is based on the assumption that the property is not negatively affected by the existence of hazardous substances or detrimental environmental conditions unless otherwise stated in this report. The appraiser is not an expert in the identification of hazardous substances or detrimental environmental conditions. The appraiser's routine inspection of and inquiries about the subject property did not develop any information that indicated any apparent significant hazardous substances or detrimental environmental conditions which would affect the property negatively unless otherwise stated in this report. It is possible that tests and inspections made by a qualified hazardous substance and environmental expert would reveal the existence of hazardous substances or detrimental environmental conditions on or around the property that would negatively affect its value.

☐ **ADDITIONAL COMMENTS**

☒ **APPRAISER'S SIGNATURE & LICENSE/CERTIFICATION**

Appraiser's Signature _Mark D. Harvey_    Effective Date March 10, 2004    Date Prepared March 15, 2004
Appraiser's Name (print)  MARK D. HARVEY    Phone #  508-674-7248
State  MA    ☐ License    ☐ Certification #  70376    Tax ID #  81-0620517

☐ **CO-SIGNING APPRAISER'S CERTIFICATION**

☐ The co-signing appraiser has personally inspected the subject property, both inside and out, and has made an exterior inspection of all comparable sales listed in the report. The report was prepared by the appraiser under direct supervision of the co-signing appraiser. The co-signing appraiser accepts responsibility for the contents of the report including the value conclusions and the limiting conditions, and confirms that the certifications apply fully to the co-signing appraiser.
☐ The co-signing appraiser has not personally inspected the interior of the subject property and:
☐ has not inspected the exterior of the subject property and all comparable sales listed in the report.
☐ has inspected the exterior of the subject property and all comparable sales listed in the report.
☐ The report was prepared by the appraiser under direct supervision of the co-signing appraiser. The co-signing appraiser accepts responsibility for the contents of the report, including the value conclusions and the limiting conditions, and confirms that the certifications apply fully to the co-signing appraiser with the exception of the certification regarding physical inspections. The above describes the level of inspection performed by the co-signing appraiser.
☐ The co-signing appraiser's level of inspection, involvement in the appraisal process and certification are covered elsewhere in the addenda section of this appraisal.

☐ **CO-SIGNING APPRAISER'S SIGNATURE & LICENSE/CERTIFICATION**

Co-Signing Appraiser's Signature _____ Effective Date _____ Date Prepared _____
Co-Signing Appraiser's Name (print) _____ Phone # _____
State _____ ☐ License ☐ Certification # _____ Tax ID # _____

Form MPA3 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

File No. 19 MUSKRAT LN Page # 5



## APPRAISAL OF REAL PROPERTY

### LOCATED AT:

19 MUSKRAT LANE
BOOK: 1493 PAGE: 809
BREWSTER, MA 02631-1589

### FOR:

TOWN&COUNTRY CREDIT
300 GRANITE STREET, SUITE 205
BRAINTREE, MA 02184

### AS OF:

March 10, 2004

### BY:

MARK D. HARVEY

THE FOLLOWING IS A SUMMARY APPRAISAL REPORT
PREPARED BY APPRAISAL RESOURCES, INC.
P.O. BOX 118, SOMERSET, MA 02726

Appraisal Resources (508) 674-7718

File No. 19 MUSKRAT LN Page #2

**Property Description**

# UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. 19 MUSKRAT LN

| | | |
|---|---|---|
| Property Address 19 MUSKRAT LANE | City BREWSTER | State MA Zip Code 02631-1589 |
| Legal Description BOOK 1493 PAGE: 809 | | County BARNSTABLE |
| Assessor's Parcel No. MAP 9 LOT 3 | Tax Year 2004 | R.E. Taxes $ 5,051.97 Special Assessments $ 0.00 |
| Borrower O & E. KUMMERFIELD | Current Owner SAME | Occupant ☒ Owner ☐ Tenant ☐ Vacant |
| Property rights appraised ☒ Fee Simple ☐ Leasehold | Project Type ☐ PUD ☐ Condominium (HUD/VA only) | HOA $ N/A /Mo |
| Neighborhood or Project Name NA | | Map Reference N/A Census Tract 0109.00 |
| Sale Price $ REFINANCE Date of Sale N/A | Description and $ amount of loan charges/concessions to be paid by seller N/A | |
| Lender/Client TOWN&COUNTRY CREDIT Address 300 GRANITE STREET, SUITE 205, BRAINTREE, MA 02184 | | |
| Appraiser MARK D HARVEY Address P.O. BOX 118, SOMERSET, MA 02726 | | |

| Location ☐ Urban ☒ Suburban ☐ Rural | Predominant occupancy | Single family housing | | Present land use % | Land use change |
|---|---|---|---|---|---|
| Built up ☒ Over 75% ☒ 25-75% ☐ Under 25% | | PRICE $(000) | AGE (yrs) | One family 93 | ☒ Not likely ☐ Likely |
| Growth rate ☐ Rapid ☒ Stable ☐ Slow | ☒ Owner | 175 Low NEW | 2 | 2-4 family 2 | ☐ In process |
| Property values ☐ Increasing ☒ Stable ☐ Declining | ☐ Tenant | 2MIL High 150 | | Multi-family 0 To |
| Demand/supply ☐ Shortage ☒ In balance ☐ Over supply | ☒ Vacant (0-5%) | Predominant | | Commercial 5 |
| Marketing time ☒ Under 3 mos. ☐ 3-6 mos. ☐ Over 6 mos. | ☐ Vac (over 5%) | 375 | 45 | | |

Note: Race and the racial composition of the neighborhood are not appraisal factors.

Neighborhood boundaries and characteristics: THE NEIGHBORHOOD BOUNDARIES ARE AS FOLLOWS: NORTH BY CAPE COD BAY, EAST BY THE TOWN OF ORLEANS, SOUTH BY ROUTE 6AAND WEST BY ELLIS LANDING BEACH

Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.): THE SUBJECT IS LOCATED ON THE BAY SIDE OF BREWSTER 1 MILE FROM THE TOWN HALL. THIS AREA IS A SHORT DRIVE TO SCHOOLS, SHOPPING, RECREATIONAL FACILITIES, HIGHWAYS AND EMPLOYMENT CENTERS. EMPLOYMENT STABILITY, PUBLIC TRANSPORTATION, UTILITIES, PROPERTY COMPATIBILITY, POLICE AND FIRE PROTECTION ARE ALL AVERAGE. THE NEIGHBORHOOD IS PRIMARILY COMPRISED OF SINGLE FAMILY HOMES WITH AVERAGE MARKET APPEAL. NO LOCATIONAL OBSOLESCENCE OBSERVED.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time -- such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.): THERE IS AN ADEQUATE SUPPLY OF HOMES IN THE MARKET IN THE SUBJECT'S MARKETPLACE. DEMAND HAS BEEN STEADY, THUS SUPPLY/DEMAND FACTORS ARE CONSIDERED TO BE IN BALANCE. TYPICAL MARKETING TIME IS 0-3 MONTHS FOR REALISTICALLY PRICED PROPERTIES. BOTH THE NEIGHBORHOOD GROWTH RATE AND PROPERTY VALUES HAVE BEEN STABLE DURING THE PAST YEAR. THERE IS AN ADEQUATE SUPPLY OF CONVENTIONAL FINANCING AVAILABLE WITH INTEREST RATES RANGING FROM 5-8% DEPENDING UPON FIXED OR VARIABLE RATES, LENGTH, AND TERMS.

| Project Information for PUDs (If applicable) - Is the developer/builder in control of the Home Owners' Association (HOA)? ☐ Yes ☐ No N/A |
|---|
| Approximate total number of units in the subject project N/A Approximate total number of units for sale in the subject project N/A |
| Describe common elements and recreational facilities N/A |

| | | | |
|---|---|---|---|
| Dimensions 130'+ FRONTAGE | | Topography | BASICALLY LEVEL FROM ST |
| Site area 35,098 S.F. +/- | Corner Lot ☐ Yes ☒ No | Size | TYPICAL FOR THE AREA |
| Specific zoning classification and description RM(60,000 S.F. MIN./150' FTG) | | Shape | IRREGULAR |
| Zoning compliance ☐ Legal ☒ Legal nonconforming (Grandfathered use) ☐ Illegal ☐ No zoning | | Drainage | ADEQUATE/NATURAL |
| Highest & best use as improved ☒ Present use ☐ Other use (explain) | | View | OCEAN/BEACH |

| Utilities | Public | Other | Off-site improvements | Type | Public | Private | |
|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Street | DIRT | | ☒ | Landscaping TYPICAL FOR THE AREA |
| Gas | | NONE | Curb/gutter | NONE | | | Driveway Surface GRAVEL |
| Water | ☒ | | Sidewalk | NONE | | | Apparent easements NONE NOTED |
| Sanitary sewer | | SEPTIC | Street lights | NONE | | ☒ | FEMA Special Flood Hazard Area ☐ Yes ☒ No |
| Storm sewer | | NONE | Alley | NONE | | | FEMA Zone ZONE C Map Date 6/4/1987 |
| | | | | | | | FEMA Map No. 2500030009E |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning use, etc.): THE SUBJECT HAS A SINGLE WIDTH DRIVEWAY. NO EASEMENTS, ENCROACHMENTS OR AVERSE CONDITIONS OBSERVED

| GENERAL DESCRIPTION | EXTERIOR DESCRIPTION | FOUNDATION | BASEMENT | INSULATION |
|---|---|---|---|---|
| No. of Units 1 | Foundation CONCRETE | Slab 100% | Area Sq. Ft. N/A | Roof ☐ |
| No. of Stories 1 | Exterior Walls VERT. BOARD | Crawl Space N/A/E | % Finished N/A | Ceiling AVG ☒ |
| Type (Det./Att.) DETACHED | Roof Surface ASPHALT | Basement N/A | Ceiling N/A | Walls AVG ☒ |
| Design (Style) RANCH | Gutters & Dwnspts ALUM/ALUM | Sump Pump N/A | Walls N/A | Floor AVG ☒ |
| Existing/Proposed EXISTING | Window Type DBLHNG/CAS | Dampness NA | Floor N/A | None ☐ |
| Age (Yrs.) 39+- | Storm/Screens YES/YES | Settlement NA | Outside Entry N/A | Unknown ☐ |
| Effective Age (Yrs.) 10 | Manufactured House NO | Infestation NA | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq. Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | N/A |
| Level 1 | | 1 | | 1 | | | | 1 | 1 | H/U | | 1,038 |
| Level 2 | | | | | | | | | | | | |

Finished area above grade contains: 3 Rooms; 1 Bedroom(s); 1 Bath(s); 1,038 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | | KITCHEN EQUIP. | | ATTIC | | AMENITIES | | CAR STORAGE | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Floors | LINO/AVG | Type ELEC | | Refrigerator ☐ | | None ☒ | | Fireplace(s) # 1 ☒ | | None ☐ | |
| Walls | PLAST,PAN/AVG | Fuel ELEC | | Range/Oven ☒ | | Stairs ☐ | | Patio ☐ | | Garage ☐ # of cars |
| Trim/Finish | WOOD/AVG | Condition AVG | | Disposal ☐ | | Drop Stair ☐ | | Deck DECK ☒ | | Attached ☐ |
| Bath Floor | VINYL/AVG | COOLING NONE | | Dishwasher ☐ | | Scuttle ☒ | | Porch BREEZEWAY ☒ | | Detached ☐ |
| Bath Wainscot | CERAMIC/AVG | Central N/A | | Fan/Hood ☐ | | Floor ☐ | | Fence ☐ | | Built-in ☐ |
| Doors | WOOD/AVG | Other N/A | | Microwave ☐ | | Heated ☐ | | Pool ☐ | | Carport ☐ |
| | | Condition N/A | | Washer/Dryer ☐ | | Finished ☐ | | | | Driveway 2 CAR |

Additional features (special energy efficient items, etc.): THE SUBJECT FEATURES WRAP AROUND WOOD DECK OF SIDE AND REAR OF DWELLING AND FIREPLACE IN LIVING ROOM

Condition of the improvements, depreciation (physical, functional and external), repairs needed, quality of construction, remodeling/additions, etc.: ALL MECHANICAL SYSTEMS ARE AVERAGE. MINIMAL PHYSICAL DEPRECIATION IN NORMAL WEAR AND TEAR. NO FUNCTIONAL OR EXTERNAL OBSOLESCENCE OBSERVED. ALL IMPROVEMENTS ARE IN AVERAGE CONDITION WITH NO IMMEDIATE REPAIRS NEEDED

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property: THERE ARE NO ADVERSE ENVIRONMENTAL CONDITIONS OBSERVED OR KNOWN TO THE APPRAISER AT THE TIME OF THE INSPECTION

File No. 19 MUSKRAT LN Page #1

# UNIFORM RESIDENTIAL APPRAISAL REPORT  File No. 19 MUSKRAT LN

## COST APPROACH

| | | |
|---|---|---|
| ESTIMATED SITE VALUE | = $ | 1,500,000 |
| ESTIMATED REPRODUCTION COST-NEW-OF IMPROVEMENTS | | |
| Dwelling 1,038 Sq. Ft. @ $ 95.00 = $ | 98,610 | |
| Sq. Ft. @ $ = | | |
| Garage/Carport Sq. Ft. @ $ = | | |
| Total Estimated Cost New = $ | 98,610 | |
| Less Physical Functional External | | |
| Depreciation 15,166 = $ | 15,166 | |
| Depreciated Value of Improvements = $ | 83,444 | |
| "As-is" Value of Site Improvements = $ | 10,000 | |
| INDICATED VALUE BY COST APPROACH = $ | 1,593,444 | |

Comments on Cost Approach (such as, source of cost estimate, site value, square foot calculation and for HUD, VA and FmHA, the estimated remaining economic life of the property) THE ESTIMATED REMAINING ECONOMIC LIFE IS 55 YEARS BASED ON A 58 YEAR LIFE SPAN. COST FIGURES DERIVED FROM MARSHALL & SWIFT RESIDENTIAL COST HANDBOOK. PHYSICAL DEPRECIATION CALCULATED USING THE AGE/LIFE METHOD. SEE SKETCH FOR LAYOUT

## SALES COMPARISON ANALYSIS

| ITEM | SUBJECT | COMPARABLE NO. 1 | +(−)$ Adjust | COMPARABLE NO. 2 | +(−)$ Adjust | COMPARABLE NO. 3 | +(−)$ Adjust |
|---|---|---|---|---|---|---|---|
| Address | 19 MUSKRAT LANE BREWSTER, MA | 268 BREAKWATER ROAD BREWSTER, MA | | 177 SEA STREET DENNIS, MA | | 17 SCHOONER ROAD DENNIS, MA | |
| Proximity to Subject | | 2.44 miles | | 8.01 miles | | 8.13 miles | |
| Sales Price | $ REFINANCE | $ 1,200,000 | | $ 1,405,000 | | $ 1,200,000 | |
| Price/Gross Living Area | $ N/A | $ 828.73 | | $ 1223.87 | | $ 721.15 | |
| Data and/or Verification Source | ASSESSOR'S INSPECTION | EXTERIOR INSPECTION BANKER & TRADESMAN | | EXTERIOR INSPECTION BANKER & TRADESMAN | | ASSESSORS BANKER & TRADESMAN | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | | DESCRIPTION | | DESCRIPTION | |
| Sales or Financing Concessions | | DOM-UNK CONV-FIN | | DOM-UNK CONV-FIN | | DOM-UNK CONV-FIN | |
| Date of Sale/Time | | 4/24/03 | | 1/02/04 | | 10/16/03 | |
| Location | GOOD | GOOD | | GOOD | | GOOD | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 35,098 S.F. | 45,302 S.F. | | 32,670 S.F. | | 17,424 S.F. | |
| View | OCEAN,BEACH | OCEAN,BEACH | | OCN VW/NBHD | +140,500 | OCN VW/NBHD | +120,000 |
| Design and Appeal | RANCH/AVG | RANCH/AVG | | CAPE/AVG | | COLONIAL/AVG | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Age | 39+ | 74+ | +60,000 | 44+ | | 6+ | −30,000 |
| Condition | AVERAGE | INFERIOR | +60,000 | AVERAGE | | AVERAGE+ | −30,000 |
| Above Grade Room Count | Total 3 : Bdrms 1 : Baths 1 | Total 5 : Bdrms 3 : Baths 2 | −9,000 | Total 5 : Bdrms 2 : Baths 1 | −3,000 | Total 6 : Bdrms 3 : Baths 3 | −12,000 |
| Gross Living Area | 1,038 Sq. Ft. | 1,448 Sq. Ft. | −10,300 | 1,148 Sq. Ft. | −2,800 | 1,664 Sq. Ft. | −15,700 |
| Basement & Finished Rooms Below Grade | SLAB N/A | CRAWL SPACE NA | | FULL UNFINISHED | −25,000 | CRAWL SPACE NA | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | ELEC/NONE | ELEC/NONE | | CENTRAL/NONE | | CENTRAL/NONE | |
| Energy Efficient Items | NONE | NONE | | NONE | | NONE | |
| Garage/Carport | NONE | 2 CAR DET | −10,000 | 1 CAR DET | −5,000 | 2 CAR DET | −10,000 |
| Porch, Patio, Deck, Fireplace(s), etc. | DECK 1 FIREPLACE | DECK 1 FIREPLACE | | PORCH 1 FIREPLACE | −1,000 | DECK 1 FIREPLACE | |
| Fence, Pool, etc. | NONE | NONE | | NONE | | NONE | |
| OUTBUILDING | OUTBUILDING | NONE | +7,500 | OUTBUILDING | | SHED | +7,000 |
| Net Adj. (total) | | ☒ + ☐ − $ | 98,200 | ☒ + ☐ − $ | 103,700 | ☒ + ☐ − $ | 29,300 |
| Adjusted Sales Price of Comparable | | Net 8.2% Gross 13.1% $ | 1,298,200 | Net 7.4% Gross 12.6% $ | 1,508,700 | Net 2.4% Gross 18.7% $ | 1,229,300 |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.) ADJUSTMENTS ARE BASED ON 0% PER MONTH FOR TIME DUE TO A STABLE MARKET, $25.00 (R) PER SQUARE FOOT OF GLA OVER 100 SF, $3,000 FOR THE UTILITY OF A BEDROOM, AND $3,000 PER FULL BATH. THESE AND ALL OTHER ADJUSTMENTS WERE MARKET DERIVED. ALL THREE COMPARABLES GIVE A REASONABLE RANGE OF MARKET VALUE.

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data Source, for prior sales within year of appraisal | NO PRIOR SALE WITHIN THE PAST 3 YEARS | NO PRIOR SALE WITHIN THE PAST YEAR, PER BANKERS & TRADESMAN | NO PRIOR SALE WITHIN THE PAST YEAR, PER BANKERS & TRADESMAN | NO PRIOR SALE WI LAST 12 MONTHS BANKER & TRADESMAN |

Analysis of any current agreement of sale, option, or listing of subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal NO PRIOR TRANSFERS OF THE COMPARABLE SALES WITHIN THE PAST YEAR. NO CURRENT LISTING OR PRIOR LISTING, OPTION, SALE OR AGREEMENT OF SALE OF THE SUBJECT PROPERTY WITHIN THREE YEARS OF THE APPRAISAL DATE

| | |
|---|---|
| INDICATED VALUE BY SALES COMPARISON APPROACH | $ 1,500,000 |
| INDICATED VALUE BY INCOME APPROACH (if Applicable) Estimated Market Rent $ N/A /Mo. x Gross Rent Multiplier N/A = $ | N/A |

## RECONCILIATION

This appraisal is made ☒ "as is" ☐ subject to the repairs, alterations, inspections or conditions listed below ☐ subject to completion per plans & specifications.
Condition of Appraisal: THE SUBJECT IS IN OVERALL AVERAGE MARKETABLE CONDITION. THE FINAL VALUE ESTIMATE IS BASED ON THREE TO SIX MONTH MARKETING TIME.
Final Reconciliation: MOST EMPHASIS IS PLACED ON THE SALES COMPARISON APPROACH TO VALUE, SINCE IT BEST REFLECTS THE ACTIONS OF BUYERS AND SELLERS IN THIS MARKETPLACE. THE COST APPROACH SUPPORTS THE FINAL VALUE ESTIMATE. THE INCOME APPROACH IS NOT APPLICABLE DUE TO INSUFFICIENT RENTAL DATA.

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/FNMA Form 1004B (Revised 6/93 ).
I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF March 10, 2004
(WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $ 1,500,000

APPRAISER:
Signature: *Mark D. Harvey*
Name MARK D HARVEY
Date Report Signed: March 15, 2004
State Certification # _____ State
Or State License # 70376 State MA

SUPERVISORY APPRAISER (ONLY IF REQUIRED):
Signature _____ ☐ Did ☐ Did Not
Name _____ Inspect Property
Date Report Signed _____
State Certification # _____ State
Or State License # _____ State

Form UA2 — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

**Supplemental Addendum**

File No. 19 MUSKRAT LN Page #8
File No.    19 MUSKRAT LN

| | | | |
|---|---|---|---|
| Borrower/Client   D & E. KUMMERFIELD | | | |
| Property Address   19 MUSKRAT LANE | | | |
| City  BREWSTER | County  BARNSTABLE | State  MA | Zip Code  02631-1589 |
| Lender   TOWN&COUNTRY CREDIT | | | |

The function of this appraisal is to assist the named lender in evaluating the subject property for lending purposes.

This report is intended for use in the mortgage finance transaction only. This report is not for any other use.

This report has been prepared under Standard Rule 2-2 (b) of a complete or Limited Appraisal performed under Standard 1 as a Summary Appraisal Report, in conformity with the Uniform Standard of Professional Appraisal Practice (U.S.P.A.P.).

The reproduction cost is based on the Marshall & Swift Residential Cost Handbook supplemented by the appraiser's knowledge of the local market. Physical depreciation is based on the effective age of the subject property. Functional and/or external depreciation, if present is specifically addressed in the appraisal report or this addenda.

The Income Approach is not considered applicable for the subject property due to lack of single family rental properties. In the subject's marketplace single family dwellings are considered unfavorable investments due to low rental yields as compared with acquisition prices.

The subject property is located within a Residential RM Zoning District. The present use as a single family dwelling is allowed, however the lot does not meet current zoning requirements.. The subject's improvements existed prior to the zoning change, therefore any pre-existing use is deemed as legal nonconforming. The improvements can be rebuilt on the same foundation in the event of loss by fire or any other disaster. This is typical for the area and is not considered to have an adverse affect on the subject's value or marketability.

The subject is located in a neighborhood and in a town where there is a scarcity of buildable land with premium prices being paid for marginal building lots; consequently, land values will generally exceed 30% of the total market value of properties.

Due to the lack of comparable sales similar to the subject in water front/water view utility in the subject's community of Brewster it was necessary to use comparable sales #2 and #3 which are in the neighboring town of Dennis and have exceeded a 1 mile radios. These two communities are similar in amenities, therefore no locational adjustments have been indicated.

The subject property has a private sewage disposal system which is common to the area and generally accepted by area residents. On the day that the appraiser inspected the subject property, there was no evidence of seepage nor was there any foul odor.

**• URAR: Additional Features**
The subject property features 3 bedrooms, 1 bathroom, dining room, living room with fireplace, fenced in rear yard with utility shed, concrete patio, 1 car garage attached, and 1 car paved driveway.

**• Electronic Signatures & Digital Photos:**
The appraiser signatures that appear on this appraisal are electronic signatures which are secured with security protected access codes. Electronic signatures have been approved and accepted by all major banks and lending institutions, and according to USPAP, electronically affixing a signature to a report carries the same level of authenticity and responsibility as an ink signature on a paper copy report. Photographs submitted with this appraisal are original digital images printed in color or black & white. These digital images have not been altered or modified in any way.

File No. 19 MUSKRAT LN  Page #9

## Subject Photo Page

| Borrower/Client | D & E. KUMMERFIELD | | | | |
|---|---|---|---|---|---|
| Property Address | 19 MUSKRAT LANE | | | | |
| City | BREWSTER | County | BARNSTABLE | State MA | Zip Code 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT | | | | |



### Subject Front

19 MUSKRAT LANE

| | |
|---|---|
| Sales Price | REFINANCE |
| Gross Living Area | 1,038 |
| Total Rooms | 3 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | GOOD |
| View | OCEAN,BEACH |
| Site | 35,098 S.F. |
| Quality | AVERAGE |
| Age | 39+- |



### Subject Rear



### Subject Street

Form PIC3x5 SR — "TOTAL for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE

## PHOTOGRAPH ADDENDUM

| Borrower/Client | D & E. KUMMERFIELD | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 19 MUSKRAT LANE | | | | | |
| City | BREWSTER | County | BARNSTABLE | State | MA | Zip Code 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT | | | | | |



kitchen



Bedroom



bath

## PHOTOGRAPH ADDENDUM

| Borrower/Client | D & E. KUMMERFIELD | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 19 MUSKRAT LANE | | | | | |
| City | BREWSTER | County | BARNSTABLE | State | MA | Zip Code 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT | | | | | |



outbuilding

sitting area as entering



bedroom



full bath

File No. 19 MUSKRAT LN Page #12

## PHOTOGRAPH ADDENDUM

| Borrower/Client | O & E. KUMMERFIELD | | | | |
|---|---|---|---|---|---|
| Property Address | 19 MUSKRAT LANE | | | | |
| City | BREWSTER | County BARNSTABLE | State | MA | Zip Code 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT | | | | |



living room



side view

near bedroom



rear

## PHOTOGRAPH ADDENDUM

| Borrower/Client | D & E. KUMMERFIELD | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 19 MUSKRAT LANE | | | | | |
| City BREWSTER | | County BARNSTABLE | | State MA | Zip Code | 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT | | | | | |



beach



view from deck



left side of dwelling

## Comparable Photo Page

File No. 19 MUSKRAT LN | Page #14

| | |
|---|---|
| Borrower/Client | D & E. KUMMERFIELD |
| Property Address | 19 MUSKRAT LANE |
| City BREWSTER | County BARNSTABLE | State MA | Zip Code 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT |



### Comparable 1

268 BREAKWATER ROAD

| | |
|---|---|
| Prox. to Subject | 2.44 miles |
| Sale Price | 1,200,000 |
| Gross Living Area | 1,448 |
| Total Rooms | 5 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | GOOD |
| View | OCEAN,BEACH |
| Site | 45,302 S.F. |
| Quality | AVERAGE |
| Age | 74+- |

SIGN STATES    **THIS IS ONLY HOME ON MEDOZA STREET. NO TRESPASSING & BEWARE OF DOG**



### Comparable 2

177 SEA STREET

| | |
|---|---|
| Prox. to Subject | 8.01 miles |
| Sale Price | 1,405,000 |
| Gross Living Area | 1,148 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 1 |
| Location | GOOD |
| View | OCN VW/NBHD |
| Site | 32,670 S.F. |
| Quality | AVERAGE |
| Age | 44+- |



### Comparable 3

17 SCHOONER ROAD

| | |
|---|---|
| Prox. to Subject | 8.13 miles |
| Sale Price | 1,200,000 |
| Gross Living Area | 1,664 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 3 |
| Location | GOOD |
| View | OCN VW/NBHD |
| Site | 17,424 S.F. |
| Quality | AVERAGE |
| Age | 6+- |

File No. 19 MUSKRAT LN Page #15

## Location Map

| Borrower/Client | D & E KUMMERFIELD | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 19 MUSKRAT LANE | | | | | |
| City | BREWSTER | County | BARNSTABLE | State | MA | Zip Code 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT | | | | | |



## Building Sketch

File No. 19 MUSKRAT LN Page #16

| | |
|---|---|
| Borrower/Client | D & E. KUMMERFIELD |
| Property Address | 19 MUSKRAT LANE |
| City BREWSTER | County BARNSTABLE     State MA     Zip Code 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT |



Sketch by Apex IV™

Comments:

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Size | Net Totals |
| GLA1 | First Floor | 1038.00 | 1038.00 |

| LIVING AREA BREAKDOWN | | |
|---|---|---|
| Breakdown | | Subtotals |
| First Floor | | |
| 16.0 x 33.0 | | 528.00 |
| 17.0 x 30.0 | | 510.00 |

| | | | |
|---|---|---|---|
| TOTAL LIVABLE (rounded) | | | 1038 |

| | |
|---|---|
| 2 Calculations Total (rounded) | 1038 |

**Plat Map**

File No. 19 MUSKRAT LN  Page #17

| | | | | |
|---|---|---|---|---|
| Borrower/Client | D & E. KUMMERFIELD | | | |
| Property Address | 19 MUSKRAT LANE | | | |
| City BREWSTER | County BARNSTABLE | State MA | Zip Code 02631-1589 | |
| Lender TOWN&COUNTRY CREDIT | | | | |



**Flood Map**

File No. 19 MUSKRAT LN   Page # 18

| Borrower/Client | O & E. KUMMERFIELD | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 19 MUSKRAT LANE | | | | | |
| City | BREWSTER | County | BARNSTABLE | State | MA | Zip Code  02631-1589 |
| Lender | TOWN&COUNTRY CREDIT | | | | | |



©1999-2002 FloodSource Corp. U.S. Patents Pending. All rights reserved. For more information, please e-mail info@floodsource.com.

## Appraisers License

| Borrower/Client | D & E. KUMMERFIELD | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 19 MUSKRAT LANE | | | | | |
| City | BREWSTER | County | BARNSTABLE | State | MA | Zip Code 02631-1589 |
| Lender | TOWN&COUNTRY CREDIT | | | | | |



**Commonwealth of MA**
**Div. of Registration**

License No.
70376

Expiration Date
June 11, 2006

MARK D. HARVEY
149 SLADE ST
FALL RIVER, MA 02724

State Licensed Appraiser

**IMPORTANT INFORMATION**
If this license is lost or destroyed, notify the Mass
Board of Registration of Real Estate Appraisers,
239 Causeway Street, Boston, MA 02114.
If name or address shown hereon is changed, notify the Board
of correct name or address to insure proper mailing of next
Renewal Application. Always refer to your license number.
License is subject to the provisions of the General Laws as
amended. It is a personal privilege, and must not be loaned or
assigned to any other person. Keep this license on your person
or posted as required by law.

Signature

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

* Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:**   The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.  The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2.  The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3.  The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4.  The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5.  The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6.  The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.  Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7.  The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8.  The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9.  The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10.  The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

**APPRAISER'S CERTIFICATION:**  The Appraiser certifies and agrees that:

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation. If a significant item in a comparable property is superior to, or more favorable than, the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable.

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply. I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

**SUPERVISORY APPRAISER'S CERTIFICATION:**  If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that:
I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

**ADDRESS OF PROPERTY APPRAISED:**  19 MUSKRAT LANE, BREWSTER, MA 02631-1589

| APPRAISER: | SUPERVISORY APPRAISER (only if required): |
|---|---|
| Signature: *Mark D Harvey* | Signature: _____ |
| Name:  MARK D. HARVEY | Name: _____ |
| Date Signed:  March 15, 2004 | Date Signed: _____ |
| State Certification #: _____ | State Certification #: _____ |
| or State License #:  70376 | or State License #: _____ |
| State:  MA | State: _____ |
| Expiration Date of Certification or License:  6/11/2006 | Expiration Date of Certification or License: _____ |

☐ Did    ☐ Did Not Inspect Property

# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                :

CORDIUS TRUST,

                     Plaintiff,        :   Case No. 99 Civ. 3200 (DLC)

                                :   **RESTRAINING NOTICE**

      -against-                  **TO JUDGMENT DEBTORS**

                                :

KUMMERFIELD ASSOCIATES, INC. and
ELIZABETH KUMMERFIELD,        :

                  Defendants.    :

-------------------------------------------------------------- x

      Pursuant to Rule 69 of the Federal Rules of Civil Procedure, Plaintiff-Judgment Creditor

Cordius Trust sets forth the following Restraining Notice to Defendants-Judgment Debtors

Kummerfield Associates, Inc. and Elizabeth Kummerfield:


TO:   KUMMERFIELD ASSOCIATES, INC.
       70 East 55th Street
       New York, NY 10022

       ELIZABETH KUMMERFIELD
       106 Central Park South
       Apartment 22G
       New York, NY 10019-1577

GREETING:

      WHEREAS, in an action in the United States District Court, Southern District of New
York, between Cordius Trust, as plaintiff, and Kummerfield Associates, Inc. and Elizabeth
Kummerfield, as defendants, who are all the parties named in said action, a judgment was
entered on **April 12, 2000** in favor of Cordius Trust, judgment creditor, and against Kummerfield
Associates, Inc. and Elizabeth Kummerfield, judgment debtors, in the amount **$1,626,327.47, of
which $1,626,327.47, together with postjudgment interest thereon from April 12, 2000**
remains due and unpaid;

NEWY1-608736-1

TAKE NOTICE that pursuant to CPLR § 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration.  A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated.  A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.  All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice.  Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs.  A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint.  If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as a contempt of court.

Dated: New York, New York
        February 20, 2001

Robinson & Cole LLP

By: _____

Bradford S. Babbitt (BB-7798)
Linda H. Kolodny (LK-1047)
Attorneys for Plaintiff - Judgment Creditor
CORDIUS TRUST
780 Third Avenue, 4th Floor
New York, New York 10017
phone:        (212) 451-2900
facsimile:    (212) 451-2999

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------  x
                                                  :
CORDIUS TRUST,                                     :
                                                  :    **AFFIDAVIT OF SERVICE**
                        Plaintiff,                :
                                                  :
        - against -                               :    Case No. 99 CV 3200
                                                  :
KUMMERFELD ASSOCIATES, INC. and                   :
ELIZABETH KUMMERFELD,                             :
                                                  :
                        Defendants.               :
------------------------------------------------  x

STATE OF NEW YORK     )
                      )  ss.:
COUNTY OF NEW YORK    )

        Mindy Belloff, being duly sworn deposes and says I am not a party to the action; I am
over 18 years of age; and I reside in New York, New York.

        That on February 20, 2001 I served the annexed RESTRAINING NOTICE TO
JUDGMENT DEBTORS by depositing an original in a certified mail return receipt post-paid
wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service
within New York State, addressed to:

Kummerfield Associates, Inc.              Elizabeth Kummerfield
70 East 55th Street                       106 Central Park South
New York, New York  10022                 Apartment 22G
                                          New York, New York  10019


                                          _____
                                          Mindy Belloff

Sworn to before me this
20th day of February 2001.

_____
Notary Public

BRENDA ALBAUM
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AL6042451
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES 05-30-20__

NEWY1-603641-1
02/20/01 5:08 PM

# EXHIBIT 11



"Be among the first to know" of any new developments in this case.
Automatically **TRACK** the docket shown below.

Clicking on the << or >> symbols surrounding a hitword will take you to the next/previous hitwords.

CourtLink obtained this docket from the court on 12/1/2003.
If you need an updated version click **Update** ($4.00 charge applies)

Scroll to First hitword>>

# US District Court Civil Docket

## US District Court for the Western District of Tennessee (Memphis)

### 2:01cv2579

### Gazabo SA De CV, et al v. Kummerfeld, et al

This case was retrieved from the court on Monday, December 1, 2003

Date Filed: 07/24/2001
Assigned To: Judge Jon Phipps McCalla
Referred To:
Nature of suit: Securities (850)
Cause: Securities Fraud
Lead Docket: None
Other Docket: None
Jurisdiction: Federal Question

Class Code: **TERMED 51AB/J**
Closed: **Yes**
Statute: 15:77
Jury Demand: **Plaintiff**
Demand Amount: **$14,000,000**

## Litigants

## Attorneys

Gazabo SA De CV, A Foreign Corporation Organized
Under the Laws of the Country of Mexico
PLAINTIFF

Frank L Watson, III, Esq
[COR NTC]
Baker Donelson Bearman & Caldwell
First Tennessee Bank Building
165 Madison Avenue
20TH Floor
Memphis , TN  38103
USA
901-526-2000
FTS 577-2303

Sam B Blair, Jr, Esq
[COR NTC]
Baker Donelson Bearman & Caldwell
2000 First Tennessee Bldg
Memphis , TN  38103
USA
901-526-2000

Terry Graves, A Tennessee Resident
PLAINTIFF

Frank L Watson, III, Esq
[COR NTC]
Baker Donelson Bearman & Caldwell
First Tennessee Bank Building
165 Madison Avenue

20TH Floor
Memphis , TN  38103
USA
901-526-2000
FTS 577-2303

Sam B Blair, Jr, Esq
[COR NTC]
Baker Donelson Bearman & Caldwell
2000 First Tennessee Bldg
Memphis , TN  38103
USA
901-526-2000

v.

Don Kummerfeld, Individually
DEFENDANT

Robert L Green, Esq
[COR LD NTC]
Neely Green Fargarson Brooke & Summers
65 Union Ave
Ste 900
Memphis , TN  38103-0543
USA
901-523-2500

Elizabeth Kummerfeld, Individually
DEFENDANT

Robert L Green, Esq
[COR LD NTC]
Neely Green Fargarson Brooke & Summers
65 Union Ave
Ste 900
Memphis , TN  38103-0543
USA
901-523-2500

Kummerfeld Associates, Inc
DEFENDANT

Robert L Green, Esq
[COR LD NTC]
Neely Green Fargarson Brooke & Summers
65 Union Ave
Ste 900
Memphis , TN  38103-0543
USA
901-523-2500

D Kummerfeld & Company, Inc
DEFENDANT

Robert L Green, Esq
[COR LD NTC]
Neely Green Fargarson Brooke & Summers
65 Union Ave
Ste 900
Memphis , TN  38103-0543
USA
901-523-2500

| Date | # | Proceeding Text |
|------|---|-----------------|
| 01/31/2003 | 29 | JUDGMENT IN A CIVIL CASE: by Judge Jon P. McCalla in accordance w/the Acknowledgment of Settlement, Order of Dismissal and Allowance of the Parties to Re-Open the Case, re [28-2], filed 1/30/03, this case is DISMISSED w/prejudice except for the right of |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
|------------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | the plas to re-open the case if dfts fail to comply w/the settlement as outlined in the Order. (cc: all counsel) (yds) [Entry date 01/31/03]                                                                                                                                        |
| 01/31/2003 | 28 | ACKNOWLEDGMENT OF SETTLEMENT, ORDER OF DISMISSAL AND ALLOWANCE OF THE PARTIES TO RE-OPEN THE CASE by Judge Jon P. McCalla : it is the Ordered that the cause is dismissed w/prejudice, except for the right of plas' to re-open the case if dft fail to comply w/the settlement of outlined in this Order; plas shall have until 12/31/03 to reopen this case. Consequently, this dismissal is w/o prejudice in 2003 and w/prejudice thereafter if the case is not reopened by plas; dismissing case (cc: all counsel) (yds) [Entry date 01/31/03] |
| 11/15/2002 | 27 | MINUTES: Status Conference held on 11/15/02; pretrial conference set 12/6/02; jury trial set 12/16/02; court granted parties' request for relief of filing pretrial order Presiding Judge: McCalla PLA Atty: S. Blair DFT Atty: B. Green C/R: Brenda Parker (yds) [Entry date 11/18/02] |
| 09/25/2002 | 26 | SETTING LETTER : proposed joint pretrial order deadline set for 11/29/02 : pretrial conference set for 12/6/02 at 9:00 : jury trial set for 12/16/02 at 9:30, Courtroom 4 (yds) [Entry date 09/26/02] |
| 09/20/2002 | 25 | ADMINISTRATIVE ORDER No. 02-20 by Chief Judge James D. Todd Case reassigned from Judge Julia S. Gibbons to Judge Jon P. McCalla (cc: all counsel) (yds) [Entry date 09/24/02] |
| 06/25/2002 | 24 | NOTICE by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc. of taking deposition of Terry Graves on 7/10/02 @ 9:00 (yds) [Entry date 06/25/02] |
| 06/25/2002 | 23 | NOTICE by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co of taking deposition of Federico Gama Barletli on 7/1/02 @ 11:00 (yds) [Entry date 06/25/02] |
| 05/22/2002 | 22 | SETTING LETTER : proposed joint pretrial order deadline set for 11/29/02 : pretrial conference set for 12/6/02 at 1:30 : jury trial set for 12/16/02 at 9:30am, Courtroom 1 (yds) [Entry date 05/22/02] |
| 05/17/2002 | 21 | MINUTES: Attorney Conference held 5/17/02; parties trying to settle case; ddl extended: discovery ddl set 9/1/02; dispositive motion filing ddl set 10/1/02; jury trial reset 12/16/02 Presiding Judge: PLA Atty: Sam Blair DFT Atty: Robert Green C/R: Mark Dodson (yds) [Entry date 05/17/02] |
| 04/30/2002 | 20 | MEMORANDUM by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co in support of motion to compel plaintiffs (Terry Graves, Federico Gama Barletli) to appear for despositions [19-1] and Certificate of Consultation (yds) [Entry date 05/02/02] |
| 04/30/2002 | 19 | MOTION by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co to compel plaintiffs (Terry Graves, Federico Gama Barletli) to appear for despositions (yds) [Entry date 05/02/02] |
| 04/19/2002 | 18 | NOTICE by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co of taking deposition of Terry Graves on 4/29/02 @ 9:00am (yds) [Entry date 04/19/02] |
| 04/19/2002 | 17 | NOTICE by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co of taking deposition of Gama Barletli on 4/29/02 @ 11:00am (yds) [Entry date 04/19/02] |
| 04/02/2002 | 16 | SETTING LETTER : proposed joint pretrial order deadline set for 8/30/02 : pretrial conference set for 9/6/02 at 1:30 : jury trial set for 9/16/02 at 9:30, Courtroom 1 (yds) [Entry date 04/02/02] |
| 02/28/2002 | 15 | MINUTES: Status Conference; case moving along; settlement conf set 3/1/02 before Mag Judge Allen Presiding Judge: Gibbons PLA Atty: Sam Blair DFT Atty: Robert Green C/R: Sharlyn Phillips (yds) [Entry date 03/05/02] |
| 02/19/2002 | 14 | ORDER GRANTING MOTION TO RESCHEDULE SETTLEMENT CONFERENCE by Judge Julia S. Gibbons granting motion to reset/ reschedule settlement conference [11-1]; It is Ordered that Mag Judge James H. Allen be and hereby is granted the authority to reschedule the Settlement Conference to a date to be selected by him. (cc: all counsel) (yds) [Entry date 02/20/02] |

| 01/25/2002 | 13 | RESPONSE by plaintifss Gazabo S.A. de C.V., Terry Graves to reset/reschedule the settlement conference [11-1] (yds) [Entry date 01/28/02] |
| 01/23/2002 | 12 | SETTING LETTER : settlement conference reset for 10:00 3/1/02, Rm 338; granting motion to reset/reschedule settlement conference [11-1] (yds) [Entry date 01/24/02] |
| 01/18/2002 | 11 | MOTION by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co to reset/reschedule settlement conference (yds) [Entry date 01/22/02] |
| 01/16/2002 | 10 | SETTING LETTER : settlement conference reset for 10:00 2/4/02, Rm 338 (yds) [Entry date 01/17/02] |
| 12/10/2001 | 9 | ORDER DENYING MOTION TO REQUIRE TELEPHONE OR VIDEO DEPOSITIONS by Judge Julia S. Gibbons denying motion for order requiring depositions of dfts by telephone or video conferencing [7-1]; the motion is denied because counsel failed to attach a certificate of consultation in compliance w/Local Rule 7.2(a)(1)(B). Dft may renew the motion after complying w/the local rule. (cc: all counsel) (yds) [Entry date 12/10/01] |
| 11/30/2001 | 8 | MEMORANDUM by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co in support of motion for order requiring depositions of dfts by telephone or video conferencing [7-1] (yds) [Entry date 12/03/01] |
| 11/30/2001 | 7 | MOTION by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co for order requiring depositions of dfts by telephone or video conferencing (yds) [Entry date 12/03/01] |
| 11/30/2001 | 6 | SETTING LETTER : settlement conference set for 10:00 1/25/02, Rm 338 (yds) [Entry date 11/30/01] |
| 11/21/2001 | 5 | SCHEDULING ORDER 16(b) Judge Julia S. Gibbons ; deadline for amending pleadings set for 4/1/02 ; discovery deadline set for 5/1/02 ; summary judgment motion filing deadline set for 6/1/02 ; jury trial set for 9/16/02 at 9:00 which is expected to last 2-3 days. The mag. judge will conduct a settlement conference in 1/02. (cc: all counsel) (pwm) [Entry date 11/21/01] |
| 11/14/2001 | 4 | MINUTES: Scheduling Conference held on 11/14/01; discovery ddl set 5/1/02; dispositive/summary jgm motion filing ddl set 6/1/02; jury trial set 9/16/02, est 2-3 days; amending pleadings ddl set 4/1/02; settlement conference before Mag Judge in Jan 02 Presiding Judge: Gibbons PLA Atty: Sam Blair DFT Atty: Robert Green C/R: Mark Dodson (yds) [Entry date 11/19/01] |
| 10/05/2001 | 3 | SETTING LETTER : scheduling conference set for 9:00 11/14/01, Courtroom 1 (yds) [Entry date 10/05/01] |
| 09/07/2001 | 2 | ANSWER by defendants Don Kummerfeld, Elizabeth Kummerfeld, Kummerfeld Assoc., D. Kummerfeld & Co to [1-1] (yds) [Entry date 09/11/01] |
| 07/24/2001 | – | SUMMONS issued as to defendant D. Kummerfeld & Co (yds) [Entry date 07/24/01] |
| 07/24/2001 | – | SUMMONS issued as to defendant Kummerfeld Assoc. (yds) [Entry date 07/24/01] |
| 07/24/2001 | – | SUMMONS issued as to defendant Elizabeth Kummerfeld (yds) [Entry date 07/24/01] |
| 07/24/2001 | – | SUMMONS issued as to defendant Don Kummerfeld (yds) [Entry date 07/24/01] |
| 07/24/2001 | 1 | COMPLAINT (Summons(es) issued) Receipt #: 065814; Filing fee $ 150.00 (tlh) [Entry date 07/24/01] |

<< Scroll to last hitword

Copyright © 2004 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

-------------------------------------------------- X

CORDIUS TRUST,                              :    District Court Case No. 99 Civ. 3200 (DLC)

                        Plaintiff,          :    Appellate Docket No. 04-2722

        - against -                         :    **AFFIDAVIT OF SERVICE**

KUMMERFELD ASSOCIATES, INC. and            :
ELIZABETH KUMMERFELD,                       :

                        Defendants.         :
-------------------------------------------------- :

CORDIUS TRUST,                              :

                Cordius Trust/Petitioner,   :

        - against -                         :

DONALD D. KUMMERFELD,                       :

                Mr. Kummerfeld/Respondent.  :
-------------------------------------------------- x

STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF NEW YORK     )

    Brenda Fishman, being duly sworn deposes and says I am not a party to the action; I am over 18 years of age; and I reside in Kew Gardens, New York.

    That on June 4, 2004, I served a copy of the annexed AFFIDAVIT OF BRADFORD S. BABBITT IN SUPPORT OF CORDIUS TRUST OPPOSITION TO DONALD KUMMERFELD'S MOTION FOR STAY PENDING APPEAL WITHOUT BOND, by depositing a true copy thereof enclosed in a Federal Express, one day delivery, addressed to:

                Walter A. Saurack
                Satterlee Stephens Burke & Burke LLP
                230 Park Avenue
                New York, New York  10169

NEWY1-618475-1

_Brenda Fishman_
Brenda Fishman

Sworn to before me this
4th day of June 2004.

_____
Notary Public

**Ross S. Katz**
Notary Public, State of New York
No: 02KA6055413
Qualified in New York County
Commision Expires 2-26-200_